IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LPI, INC. | |
|     Plaintiff | |
| VS. | Civil Action No. _____ |
| BRIAN JOHNSTON<br>d/b/a Atlanta Hot Tub Center | |
|     Defendant | |

# VERIFIED COMPLAINT

This is an action for injunctive relief and for compensatory and punitive damages arising from claims against the Defendant for the commission of the torts of defamation and false light invasion of privacy.

## PARTIES

1. Plaintiff LPI, Inc. ("LPI") is a Tennessee corporation with principal offices located Washington County, Tennessee. It is engaged in the business of the manufacture and sale of spas or hot tubs, tanning beds and other leisure products.

2. Defendant Brian Johnston is a resident of Atlanta, Fulton County, Georgia. He owns and operates a spa distribution business known as the "Atlanta Hot Tub Center". Defendant Johnston's address is 1002 Mansell Road, Suite C, Roswell, Georgia 30076 and he can be served with process at that address.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and there is complete diversity of citizenship between Plaintiff and Defendant and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), (b)(2) as a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this district.

## STATEMENT OF FACTS

4. Plaintiff is a manufacturer of hot tubs and spas. Plaintiff distributes its products throughout the United States with emphasis in the Southeastern United States.

5. Plaintiff utilizes retail stores known as Aqua Living Factory Outlets for the retail sale of its spas and has sales representatives in various locations throughout the United States. Plaintiff manufactures and sells various models of its spas including the Dr. Wellness Therapy Spa and the Lifestyle Spa.

6. Defendant is a spa distributor that operates in the Atlanta, Georgia area. Defendant is a competitor of the Plaintiff and distributes spas and spa products for Sundance, a competitor of Plaintiff. Upon information and belief, Defendant is a licensed dealer for Sundance Spas.

7. Defendant utilizes a YouTube channel called Atlanta Hot Tub Center/Hot Tub University to post videos regarding the products that he distributes and to review

competitor products. The internet link to Defendant's YouTube channel is https://www.youtube.com/channel/UC8eUvw4rRZdVmWcI8_cTjQw.

8. Defendant has approximately 284 subscribers to his YouTube channel. Defendant utilizes his YouTube channel to not only promote his product, but also to disparage Plaintiff's products in a false, misleading and malicious fashion.

9. Defendant has published or caused to be published a video or video review on YouTube on the Plaintiff's Dr. Wellness Therapy Spa product that can be found at https://www.youtube.com/watch?v=uKznXwTRKU0 (the "Video"). The Video has in excess of 9,000 views and is being utilized by Defendant in an effort to publish false and misleading information regarding Plaintiff and Plaintiff's products.

10. The Video contains the following false and misleading statements by the Defendant:

    a. The Defendant describes the spa that is portrayed in the Video as a recently manufactured spa, when the spa is some 6-8 years old.

    b. The Defendant describes the spa as a Dr. Wellness Therapy Spa when it is another model.

    c. The Defendant describes the topside of the spa as proprietary thereby implying exclusive technology, when it is not. The topside is a Balboa with standard programming with easy access and easy repair.

d. The Defendant has removed the bottom of the spa depicted in the Video and describes the hoses as fake. Plaintiff manufactures its hoses in house and they are not fake.

e. The Defendant states in the Video that Plaintiff does not use PVC hosing when it does.

f. The Defendant misrepresents the monthly costs to operate Plaintiff's spa product.

g. The Defendant purposely loosened nuts around the spa jets in an effort to show that the spa is defectively manufactured and such defects have caused the jets to be loose. The jets in Plaintiff's spas do not move around in the fashion depicted by Defendant in the Video unless they are purposely loosened. Plaintiff avers that Defendant has loosened the jets to create this false impression.

h. The Defendant states in the Video that the spa is made with a self-supporting shell when the shell is firmly attached to the shell with screws and a resin binding. This statement falsely implies that the spa is "cheap" and will have limited use.

i. The Defendant states that the shell is warped and cracked, but does not show the crack or how the shell is warped. This statement, therefore, falsely describe a defect.

j. The Defendant falsely states that the spa has no insulation. The first layer of high-density form is visible on the shell and the outer layer of insulation, the artic wrap, has been purposely removed by the Defendant.

11. By letter dated September 23, 2020, Plaintiff, through counsel, notified the Defendant, that the Video that he published and made available for public viewing contained defamatory statements and that the Video damaged and continued to damage the business and reputation of Plaintiff. Plaintiff further requested that the Defendant cease and desist his tortious conduct and that the Video be immediately taken down from the YouTube Internet platform. A copy of the September 23, 2020 letter is attached hereto as **Exhibit 1** and incorporated herein by reference. Defendant failed and refused to comply with the demands set forth in the September 23, 2020 letter.

12. Plaintiff, through counsel, sent a second letter to the Defendant dated October 13, 2020 again demanding that the Video, which Plaintiff claimed was defamatory in nature, be taken down or removed from publication on the YouTube Internet platform. A copy of the October 13, 2020 letter is attached as **Exhibit 2** and incorporated herein by reference.

13. Despite such letters and demands, Defendant has failed and refused and continues to fail and refuse to remove the Video and by the Video's continued availability to be viewed by any person with Internet access, Defendant continues to publish false and defamatory statements regarding Plaintiff and Plaintiff's products.

5

14. Plaintiff avers that YouTube is a free video sharing website and is the second largest search engine on the Internet behind Google Search. YouTube enables users to have channels to upload videos to those channels to be viewed by others and permits viewers of the videos to not only watch them, but also to subscribe to the channels and interact with the videos. Anyone with access to a computer or a mobile device and an internet connection can watch YouTube content. Plaintiff avers that YouTube is especially popular with Plaintiff's core customer base, that is, younger people who prefer the instant gratification of YouTube over traditional mediums such as television. In sum, YouTube is the most effective medium to communicate with prospective customers of Plaintiff and Defendant has deliberately utilized such medium to harm and damage Plaintiff's business and reputation.

15. Plaintiff avers that the statements made by Defendant and published in the Video constitute a serious threat to Plaintiff's reputation and business. Such statements and the Video itself including its continued availability for viewing can be reasonably construed as holding the Plaintiff to public contempt or ridicule and seek to disgrace the Plaintiff in the relevant marketplace for spa and spa related products.

16. The Video has caused and continues to cause damage and harm to Plaintiff in the marketplace. For example, one competitor plays customers the Video in stores when the customer makes inquiries regarding Plaintiff's products. Plaintiff is also repeatedly being called upon to answer customer or potential customer inquiries regarding the Video and explain why its contents and the Defendant's statements are false and defamatory.

6

Case 2:21-cv-00019   Document 1   Filed 02/02/21   Page 6 of 13   PageID #: 6

## COUNT I
## Defamation in the Form of Libel and Slander

17. The allegations of paragraphs 1 – 16 of the Complaint are adopted and incorporated herein by reference.

18. Plaintiff avers that through the taping and uploading of the Video to YouTube and the Video's continued availability for viewing by any person with Internet access, the Defendant has and continues to publish false and misleading statements regarding the Plaintiff and its spa product with knowledge that such statements are false and defaming to Plaintiff.

19. Plaintiff alternatively avers that the statements made by Defendant in the Video regarding Plaintiff and its spa products were made with reckless disregard for the truth of such statements or were negligently made by Defendant by Defendant's failure to ascertain the truth of such statements.

20. Plaintiff, in the further alternative, avers that the Defendant published the statements regarding Plaintiff and Plaintiff's products through the Video with actual malice, that is, with knowledge that such statements and the content of the Video were false or with reckless disregard of whether the statements were true or false.

21. In the further alternative, Plaintiff avers that the Defendant failed to exercise reasonable care and caution in checking on the truth or falsity and the defamatory nature of the communications regarding Plaintiff and Plaintiff products contained in the Video before recording and/or publishing it and making it available for viewing.

22. Plaintiff, therefore, avers that the Defendant has committed the tort defamation in the form of libel and/or slander and is, therefore, liable to Plaintiff for both compensatory and punitive damages.

## COUNT II
### False Light Invasion of Privacy

23. The allegations of paragraphs 1 – 22 of the Complaint are adopted and incorporated herein by reference.

24. Plaintiff avers that the Defendant in publishing and republishing the Video and the Defendant's statements contained therein and the Video's continued availability to be viewed by anyone with an Internet connection has cast Plaintiff in a false light in that (a) the Video portrays Plaintiff as the manufacturer of defective and inferior spa products; (b) the Video portrays Plaintiff's spa products as containing inferior or unreliable materials and or processes; (c) the Video portrays Plaintiff's spa products as containing material defects with component parts when they do not; (d) the Video portrays Plaintiff's spa products as unreliable and expensive to maintain; and/or (e) the Video portrays and allows one to infer that purchasers of Plaintiff's spas may be harmed or damaged if they purchase and elect to use Plaintiff's products.

25. Plaintiff avers that the statements made by Defendant and contained in the Video place Plaintiff in a false light and would be highly offensive to a reasonable person. Plaintiff further avers that when the Defendant made and published the Video containing such statements, including making the Video repeatedly available to anyone with access

to the Internet, had knowledge of or acted in reckless disregard as to the falsity of such statements and the false light in which Plaintiff would be placed.

26. Plaintiff, alternatively, avers that the Defendant in publishing the statements contained in the Video, was negligent in placing Plaintiff in a false light.

27. In sum, the Video falsely portrays Plaintiff as engaging in fraud, deception or illegal activity in the manufacture and sale of its spas and related products and falsely depicts Plaintiff's products as potentially harmful to users.

28. Plaintiff, therefore, avers that Defendant has committed and continues to commit the tort of false light privacy entitling Plaintiff to recover from the Defendant both compensatory and punitive damages.

## COUNT III
## Defamation by Implication

29. The allegations of paragraphs 1 – 28 of the Complaint are adopted and incorporated herein by reference.

30. Plaintiff avers that the meaning conveyed by Defendant's statements contained in the Video was defamatory.

31. Plaintiff avers that to the extent any statement made by Defendant and contained in the Video are true, such statements imply facts that are not true.

32. Plaintiff avers that the Video and the statements contained therein falsely imply that Plaintiff's spa products are used or not new when made; are not manufactured

9

with appropriate quality standards; contain inferior component parts or pieces; leak; are costly to maintain; are cheap and unreliable; and may cause harm to the user.

33. Plaintiff, therefore, avers that the meaning conveyed by such statements contained and published in the Video and the Video itself are defamatory. The Defendant has also so distorted the truth as to make the entire Video false and defamatory.

34. Plaintiff, therefore, is entitled to recover from the Defendant compensatory damages under the alternate theory of defamation by implication.

## COUNT IV
## Injunctive Relief

35. The allegations of paragraphs 1 – 34 of the Complaint are adopted and incorporated herein by reference.

36. Pursuant to Fed. R. Civ. P. 65(a)(1), the Court may issue a preliminary injunction only on notice to the adverse party.

37. Plaintiff avers that it has raised meritorious claims that the content of the Video published by Defendant contains defamatory statements and portrays Plaintiff in a false light. Plaintiff avers that it is likely to proceed on the merits of such claim.

38. Plaintiff avers that it has and will continue to suffer irreparable harm in the absence of the preliminary relief requested herein.

39. Plaintiff further avers that under the facts of this case, the issue of a preliminary injunction is in the public interest in that the public is better served by parties

being prohibited from publishing and/or making freely available to the public defamatory and misleading.

40. Plaintiff requests that a preliminary injunction issue enjoining the Defendants from further publication of the Video and that the Court order the Defendant to take down the Video from YouTube pending a trial on the merits in this case.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff LPI, Inc., prays for relief as follows:

1. That proper process be issued and the Defendant be required to respond to this Complaint within the time permitted by law;

2. That a temporary injunction issue enjoining the Defendant from publishing and continuing to publish the Video and in connection therewith, the Defendant be ordered to remove or delete the Video from YouTube and other Internet platforms pending a trial on the merits in this case;

3. That such temporary injunction be converted to a permanent injunction;

4. That Plaintiff be awarded judgment against the Defendant for compensatory damages in the amount of $1,000,000;

5. That Plaintiff be awarded a judgment against the Defendant for punitive damages in the amount of $1,000,000;

6. That the Plaintiff be awarded such further general or specific relief to which Plaintiff may be entitled; and

7. THAT A JURY BE IMPANELED TO TRY ALL ISSUES OF FACT IN THIS CASE.

**THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS CASE.**

# VERIFICATION

STATE OF __Tennessee__ :
COUNTY OF __Washington__ :

I, __Brian Elmore__, after being duly sworn, deposes and says that I am a __National Manager__ of LPI, Inc., a Tennessee corporation, and that I am authorized to make this statement on its behalf. I have read the allegations of the foregoing Complaint and they are true and correct to the best of my knowledge, information and belief.

_(signature)_

SWORN TO AND SUBSCRIBED before me this the __2__ day of February, 2021.

_(signature)_
NOTARY PUBLIC

My commission expires:

__1/11/2023__

_(Notary seal: LADONNA HILTON, STATE OF TENNESSEE, NOTARY PUBLIC, WASHINGTON COUNTY, My Commission Expires 01-11-2023)_

HUNTER, SMITH & DAVIS, LLP

By: __s/Mark S. Dessauer__
Mark S. Dessauer, Esq.
TN BPR NO. 010421
Post Office Box 3740
Kingsport, Tennessee 37664
(423) 378-8840; Fax: (423) 378-8801
dessauer@hsdlaw.com
Attorney for Plaintiff
LPI, Inc.

13